**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

DAWN M. FLETCHER                                                                                    PLAINTIFF

        v.                              Civil No. 13-2055

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Dawn M. Fletcher, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and supplemental security income ("SSI") under Titles XVI of the Social Security Act (hereinafter "the Act"), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.    Procedural Background

Plaintiff applied for SSI on February 7, 2011. (Tr. 9.) Plaintiff alleged an onset date of January 1, 2004 due to anxiety, seizures, back problems, sleep disorder, PTSD, and memory loss. (Tr. 154.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on September 29, 2011. Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Plaintiff's husband, Singto Fletcher, and Vocational Expert ("VE") Sarah Moore. (Tr. 26.)

At the time of the administrative hearing, Plaintiff was 33 years old, and possessed a GED. She had also earned an Associate's degree in Medical Assisting in 2006 in Colorado, and attended the

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

University of Arkansas Fort Smith for two semesters in 2011 but dropped out each semester. (Tr. 30-31.) The Plaintiff had no past relevant work experience ("PRW"). (Tr. 56.)

On January 27, 2012, the ALJ concluded that Plaintiff suffered from the following severe impairments: lumbago, cervicalgia, depressive disorder (bipolar II disorder versus dysthymic disorder), post-traumatic stress disorder (PTSD) and personality disorder. (Tr. 11.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work, but is "limited to work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and use of little judgment, and the supervision required is simple, direct and concrete." (Tr. 13.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as an inspector, an assembler, and a machine tender. (Tr. 19.)

Plaintiff requested a review by the Appeals Council on February 7, 2012. (Tr. 4.) The Appeals Council denied the appeal on January 9, 2013. (Tr. 1.)

## II.   Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's

findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.     Discussion**

Plaintiff raises three issues on appeal: 1) the ALJ did not fully develop the record; 2) the ALJ's Overall RFC determination is inconsistent with the evidence; and 3) the Plaintiff cannot perform the jobs identified at Step Five. (Pl.'s Br. 9, 10, 14.) Because this Court finds the ALJ did not obtain a Physical

RFC Assessment for the Plaintiff and therefore did not fully develop the record, issues two and three will not be addressed.

It is well-settled in the Eighth Circuit that a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace." *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). "An administrative law judge may not draw upon his own inferences from medical reports."*Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000).

Plaintiff alleged a number of physical impairments in her claim. (Tr. 154.) An MRI on May 26, 2011 showed bulging discs at L5-S1 and L4-5. (Tr. 406.) The ALJ found that she suffered severe impairment from neck and back pain. (Tr. 11. ) However there is no Physical RFC from an acceptable medical source in the record interpreting how these impairments affect Plaintiff's ability to function in the workplace. Thus, despite a very thorough credibility analysis, a remand is necessary.

On remand, the ALJ is directed to order a Physical RFC Assessment for Plaintiff with an acceptable medical source.

**V.** **Conclusion**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE